IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Jackie Willard, Plaintiff,

vs.

Jon Ozmint, Defendant.

Civil Action No. 6:08-2907-GRA-WMC

**REPORT OF MAGISTRATE JUDGE**

This matter is before the court on the plaintiff's motion for injunctive relief. The plaintiff, a state prisoner proceeding *pro se,* alleges that the defendant Director of the South Carolina Department of Corrections ("SCDC"), Jon Ozmint, violated his constitutional rights. The plaintiff claims that he has been denied the right to keep his television set and that taking away his television set would deprive him of the right to practice his religion.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On November 19, 2008, the defendant filed a motion for summary judgment. By order filed on November 20, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On December 4, 2008, the plaintiff filed the instant motion. The defendant opposes the motion, arguing that the plaintiff has not met his burden of establishing the necessary elements for a preliminary injunction to be granted. This court agrees.

In February 2009, television signals will change from analog to digital, and analog televisions will require a converter box in order to receive digital television signals. In March 1995, SCDC policy was changed so that inmates were no longer allowed to purchase televisions. This policy was in effect until 2007. Inmates were allowed to keep televisions that were already in their possession. According to the SCDC, a suitable converter box for the inmates' analog televisions would need to be made of clear plastic for security reasons. The SCDC has been unable to obtain a commitment from suppliers who make such converter boxes to supply the boxes to the SCDC. The SCDC also encountered problems finding converter boxes that would be compatible for all of the televisions owned by inmates. The SCDC determined that all televisions that will not receive a digital signal must be removed from the SCDC in February 2009. Digital televisions are now available for sale to inmates in the canteen (James Sligh aff.). In his motion for injunctive relief, the plaintiff requests that the court order the defendant to let him purchase a converter box for his television.

In determining whether to grant injunctive relief prior to trial, a court must balance four factors:

(a) The plaintiff's likelihood of success in the underlying dispute between the parties;

(b) whether the plaintiff will suffer irreparable injury if the injunction is not issued;

(c) the injury to the defendant if the injunction is issued; and

(d) the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264, 271 (4th Cir. 2002); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 193 (4th Cir. 1977). The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the

likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. *Scotts*, 315 F.3d at 271. If the balance tips decidedly in favor of the plaintiff, "a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful, as to make them fair ground for litigation and thus more deliberate investigation." However, if the balance does not tip decidedly there must be a strong probability of success on the merits. *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812-13 (4th Cir. 1991). Lastly, the court must evaluate whether the public interest favors granting preliminary relief. *Id.* at 814.

The plaintiff has failed to satisfy the four factors for a preliminary injunction. First, he has failed to show a likelihood that he will succeed on the merits. The defendant has filed a motion for summary judgment on a number of grounds, including that the plaintiff has failed to state a claim under Section 1983. As argued by the defendant, the plaintiff has no constitutional right to watch television. *See Rawls v. Sundquist*, 929 F.Supp 284, 288 (M.D. Tenn. 1996). Also, the SCDC is requiring all televisions that will not receive digital signals be removed in order to promote institutional security. The Fourth Circuit Court of Appeals has stated that "[a] prison regulation 'is valid if it is reasonably related to legitimate penalogical interests.'" *United States v. Stotts*, 925 F.2d 83, 85-86 (4th Cir. 1991) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Further, "[F]unctions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively." *Gaston v Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). The plaintiff has absolutely failed to show a likelihood that he will prevail on the merits.

The plaintiff also states in his motion that he should be able to obtain a regular converter box because the SCDC has encouraged employees to obtain converter boxes and donate them to SCDC for televisions in the common areas. The plaintiff attached a copy of a memorandum from Jimmy Sligh to SCDC employees wherein he asked that they

consider obtaining a converter box to be used in televisions in the common areas. The distinction here is that these televisions are not located in inmates' cells but are in common areas, and inmates do not have access to these televisions. As inmates do not have access to these televisions or converter boxes, they would not be able to hide contraband in them and, therefore, the same security risks are not created. In addition, the SCDC does not have funds to purchase converter boxes, and this applies to televisions in the common areas as well. Most, if not all, of the televisions in common areas are analog and will not be able to pick up a signal after the February changeover without a converter box. Therefore, as the SCDC does not have funds to purchase converter boxes, it has tried to find a way to obtain converter boxes for these televisions without expending public funds so that inmates will still be able to watch television. The fact that the SCDC has tried to find ways to obtain converter boxes for televisions to which inmates do not have access is not relevant in the present action.

Further, the plaintiff has failed to show a public interest that would be served by allowing him to obtain a converter box. As shown above, inmates have no constitutional right to watch television, and the plaintiff fails to point to any public interest to be served by allowing inmates to purchase converter boxes for televisions in their cells that would create a security risk.

Based upon the foregoing, the plaintiff's motion for injunctive relief (doc. 25) should be denied.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

December 15, 2008

Greenville, South Carolina