UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jackie Williard, #119141, | ) | |
| | ) | C/A No.: 6:08-cv-02907-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| SCDC Director, Jon Ozmint, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on February 27, 2009. Plaintiff originally filed a complaint pursuant to 42 U.S.C. § 1983 on April 29, 2008. The magistrate now recommends that the defendants' motions for summary judgment be granted. For the reasons stated herein, this Court adopts the magistrate's recommendation.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for

adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). The plaintiff filed objections on April 13, 2009.

The plaintiff's first objection is that he may not be "forced" to follow the teaching of Chaplain Parker-Barber. This objection is without merit. The magistrate did not state that the plaintiff had to follow her teachings. The Chaplain stated that there were other ways to practice the Christian faith other than following the evangelist on the television. The plaintiff may go to Bible studies and services. He has the option to participate in these services or he may study his Bible alone. He is not required to follow her teachings. The magistrate properly addressed this issue.

The plaintiff's second objection is that he is unable to pray with his pastor every morning and that is a violation of his constitutional rights. "[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285 (1948). Prisoners are entitled to protection of their constitutional rights, however in *Turner v. Safley*, 482 U.S. 78, (1987) the Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id.* at 2261. The plaintiff was required to give up his television as his television would no longer be able to receive signals in the switch from analog to digital signals. The removal is for security purposes as inmates have been known to hide contraband in the sets. The canteen sells new televisions that will receive the digital signals that the

plaintiff may purchase. The plaintiff has not been deprived of his right to practice the Christian faith. The plaintiff will not be prevented from studying his Bible in his cell. A television set is not essential to practicing the Christian faith and the plaintiff has the option to purchase a new television. The Plaintiff has alternatives to exercising his right to practice and the policy requiring the removal of the old sets is a legitimate policy. This objection is also without merit.

The plaintiff's third objection is that there is no rational basis for removing his television because he has not been a problem in the prison system. The policy prohibiting the televisions is reasonably related to a legitimate penalogical interest, that being safety. The prison cannot have an exception for the plaintiff despite his good behavior in prison. This objection is without merit as there is an legitimate penalogical interest for the removal of the old televisions.

After a thorough review of the magistrate's Report and Recommendation, the plaintiff's objections, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this court adopts it in its entirety.

IT IS ORDERED that the motion for summary judgment GRANTED.

IT IS FURTHER ORDERED that the motion to amend the complaint be DENIED.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

May 18, 2009
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**